

# In the Court of Criminal Appeals of Texas

No. WR-93,572-01

EX PARTE JOSE CONCEPCION SIFUENTES,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. W12-00771-H(A) in the Criminal District Court
No. 1 of Dallas County

JUDGE YEARY filed a concurring opinion.

Applicant pled guilty in 2013 to murder and was sentenced to life imprisonment. He did not appeal his conviction. In January 2022, Applicant filed an application for writ of habeas corpus in the county of conviction. In his application, he alleges that he was denied counsel at crucial stages of the proceedings, and he was denied the right to file a motion for new trial and/or notice of appeal. TEX. CODE CRIM. PROC. art.

11.07.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2013, but this writ application was not filed until nearly nine years later. The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.[1] And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

With these additional thoughts, I join the Court's order.


**FILED:**             March 30, 2022
**DO NOT PUBLISH**